VILLAGE OF TARRYTOWN *v.* POCONTICO WATER-WORKS CO.

*(Supreme Court, General Term, Second Department. May 14, 1888.)*

1. WATER COMPANIES—LAYING PIPES TO NEIGHBORING VILLAGES—INJUNCTION TO RESTRAIN.

   An order dissolving an injunction obtained at the instance of a village, restraining a water company from laying its mains in one of plaintiff's streets for the purpose of supplying a neighboring village with water, will be sustained where there is no showing that the damages are irreparable, or that defendant is insolvent.

2. SAME—RIGHT TO LAY PIPES IN NEIGHBORING VILLAGES—LAWS 1873, CH. 737, § 4.

   A water company which has laid its pipes in the village where organized, and has made a contract to supply another town with water, has the power to lay its water-main through the streets of an intermediate village for the purpose of carrying out its contract, under Laws 1873, c. 737, § 4, which authorizes any such corporation to lay its pipes in any street of an adjoining town or village to the town or village where it was organized, and Laws 1883, c. 483, § 2, which confers that right upon such corporations contracting to supply other towns and villages with water.

Appeal from special term, Westchester county; J. O. DYKMAN, Justice.

Action brought by the village of Tarrytown against the Pocontico Water-Works Company to restrain defendant from laying a water-main in one of plaintiff's streets. Defendant is a trading corporation organized under Laws 1873, c. 737, by the consent and permission of the village of North Tarrytown, in Westchester county. By the fourth section of that law any such corporation is authorized to lay water-pipes in any street or avenue of an adjoining town or village to the town or village where the application for its creation was granted. Laws 1876, c. 415, for the first time conveys upon water corporations having a contract with any town or village the power to acquire land and water by the exercise of the right of eminent domain. Laws 1883, c. 483, § 2, is as follows: "All the rights, powers, and privileges conferred, and all the duties and obligations imposed, by said chapter 737 of the Laws of 1873, and by all acts supplementary thereto or amendatory thereof, are hereby conferred upon any such company so contracting with any other town or village, or the authorities thereof, for the purpose of enabling it to carry out and perform such contract; and all the provisions of said act, and of all acts supplementary thereto and amendatory thereof, and not inconsistent with this act, are hereby made applicable to any such company and town or village so contracting, so far as the same can be applicable thereto." Defendant having laid its pipes in the village of North Tarrytown entered into a contract with the villages of Dobbs Ferry and Hastings to supply them with water, and claimed the right to lay its main through plaintiff's street to carry out that contract. A temporary injunction was issued, which the court, on motion, dissolved, and the plaintiff appealed.

*J. S. Millard,* for appellant.    *E. T. Lovatt,* for respondent.

PRATT, J.    This is an appeal from an order dissolving a temporary injunction obtained by plaintiff, restraining the defendant from laying water-mains through the village of Tarrytown.    There is no allegation in the complaint that the defendant is insolvent, and the order can properly be upheld as a discretionary order.    It is not usual to enjoin a mere trespass, unless it is made to appear that the damages are irreparable or the defendant insolvent. By holding the injunction the work of the defendants would be brought to a standstill; while the most injury that could happen to the plaintiff would be a slight inconvenience for about 10 days by reason of the streets being dug up and occupied in part.

This view of the matter renders it unnecessary to discuss the questions of law raised by the respective parties.    These questions can be disposed of upon a trial of the merits.    We think, however, upon the papers submitted to the court below, it must be assumed that the defendant was fully organized, and in actual operation, and hence was entitled to use the powers conferred by chapter 483 of the Laws of 1883.    It seems to us that the court below was right in holding that it was the intention of the legislature, considering all the statutes upon this subject together, to provide a scheme by which a water company with an adequate supply of water, and an operative system for its distribution, might extend its operations to contiguous localities by passing its pipes along intervening streets and public places.    It seems to be conceded that the defendant could properly lay its pipes to North Tarrytown; and, if such is the fact, it now having made a contract with the villages of Dobbs Ferry and Hastings, it follows it may now lay its pipes in such places to perform its contract under Laws of 1873 and 1883 upon this subject.    We think the order was right, and it must be affirmed, with costs.