## THE VILLAGE OF PELHAM MANOR, APPELLANT, *v.* THE NEW ROCHELLE WATER COMPANY, RESPONDENT.

*Water companies — permit from an incorporated village under chapter 737 of 1873 — power to lay pipes in an adjoining village under section 82 of chapter 566 of 1890.*

A water company having a permit, under chapter 737 of the Laws of 1873, from the trustees of an incorporated village, authorizing the formation of the company to supply such village with water, may, by force of section 82 of chapter 566 of the Laws of 1890 (The Transportation Corporations' Law, chapter 40 of the General Laws), lay its pipes in a public highway in an adjoining village, without having first obtained the consent of such adjoining village.

APPEAL by the plaintiff, the Village of Pelham Manor, from a judgment, rendered at the Westchester Special Term and entered in the office of the clerk of Westchester county on the 24th day of September, 1892, dismissing, upon the merits, with costs, the complaint in an action for injunction.

Section 2 of chapter 737 of Laws of 1873, entitled "An act in relation to the creation and formation of water-works companies in towns and villages of the State of New York," contains the following provision among others: "Whenever any persons to the number of seven or more shall organize for the purpose of forming a water-works company in any of the towns or villages in this State, they shall present to the town or village authorities an application * * * which shall contain a request that the said town or village authorities shall consider the application of said company to supply said town or village of this State, or the inhabitants thereof, with pure and wholesome water. Upon the presentation of such application the authorities of any town or village, which authorities are for the purposes of

this act defined to consist for incorporated villages and towns, the board of trustees and supervisor * · * * shall, within thirty days of the presentation of said application, determine by a vote of a majority of the authorities of said town or village, whether said application shall be granted; and the authorities of any town or village in this State are hereby authorized and empowered to make such determination, and when the same shall be made, to sign a certificate to that effect, and immediately transmit the same to the persons making such application. * * * The persons named in such application shall thereupon meet and organize as a waterworks company." * * *

This act was repealed and superseded by chapter 566 of Laws of 1890 (The Transportation Corporations' Law, chap. 40 of the General Laws), section 80 of which contains the following provisions, among others: " At the time of filing there shall be annexed to the certificate and as a part thereof, a permit signed and acknowledged by a majority of the board of trustees of the village, in case an incorporated village is to be supplied with water, * * . * authorizing the formation of such corporation for the purpose of supplying such village * * * with water." Section 161 provides that the repeal of a law thereby shall not affect or impair any act done or right accruing, accrued or acquired prior to May 1, 1891, under or by virtue of any law so repealed.

*Jabish Holmes, Jr.,* for the appellant.

*Martin J. Keogh,* for the respondent.

PRATT, J.:

This is an appeal from a judgment rendered by the court at Special Term, dismissing the complaint upon the merits, with costs.

The action is brought for an injunction to restrain defendant from laying its water mains in the Boston post road, being within the municipal limits of the plaintiff, the Village of Pelham Manor.

Plaintiff contends that before defendant can lawfully lay its mains in a public highway in said village, it must first secure the consent of the plaintiff. That, not having secured said consent, defendant's acts, in attempting to so lay its mains, were unlawful, and could be restrained by injunction.

The facts in the case are as follows: The plaintiff is a village and municipal corporation located within the town of Pelham, adjoining the village of New Rochelle. The defendant is a domestic corporation, authorized to supply the village of New Rochelle and said town of New Rochelle with water for domestic purposes and public use.

The rights and powers of defendant are defined by chapter 566, article 7, section 82 of the Laws of 1890, known as the "Transportation Corporations' Law." Section 82 of said law declares that every corporation existing under said act, in addition to its ordinary powers, shall also have power "*to lay their water pipes in any streets or avenues, or public places of an adjoining town or village to the town, or village where such permit* (a permit authorizing the formation of the corporation referred to in section 80 of the act of 1890), *has been obtained.*"

The defendant obtained the permit referred to in section 80 of chapter 566 of the Laws of 1890, from the trustees of the village of New Rochelle, which adjoins the village of Pelham Manor. The permit must be signed by a majority of the trustees of the village, and must authorize the formation of the corporation for the purpose of supplying such village with water.

This permit bears date December 8, 1884, but it is to be observed that this permit was granted under the Law of 1873, chapter 737, the provisions of which, so far as material to this inquiry, are embraced in chapter 566 of the act of 1890. Thereupon the defendant must be regarded as existing under the Laws of 1890, and under that act, among its provisions, is the following: "To lay their water pipes in any streets or avenues, or public places of an adjoining town or village to the town or village where such permit has been obtained."

The defendant, having obtained the permit of, and entered into an agreement with the village of New Rochelle to supply it with water, brings itself within the statute quoted above, and no permit is required from the authorities of the plaintiff.

In exercising the franchises possessed by the defendants, they are performing *quasi* public functions, and cannot be restrained by courts of equity unless they are exceeding their powers.

It is not claimed that the statute of 1890 is invalid, neither did it

appear that the acts sought to be restrained would result in irreparable injury to the plaintiff. (*Village of Tarrytown* v. *Pocontico Water-works Co.*, 1 N. Y. Supp., 394; S. C., 15 N. Y. St. Rep., 816.)

It is not material in what point of the compass the plaintiff is located from New Rochelle, as the court below has found, " Seventh, That it is necessary for the defendant, in order to carry out its contract with the town of New Rochelle, to lay and connect its mains through and under the Boston Railroad in the village of Pelham Manor," and such finding is fully sustained by the evidence.

We have examined the exceptions taken upon the trial, and find none of sufficient merit to warrant a reversal of the judgment.

I may add, in conclusion, that the construction of the statute claimed by the plaintiff cannot prevail, for the reason that if the right to lay a pipe in an adjoining town or village depended entirely upon a consent to be given by such village, then no water company could supply water to any village unless its source of supply was located in the village to be supplied. We think the construction given by the court below, under the facts proved, was reasonable and just, and the judgment should be affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.